UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIANNE LINCOLN,

                Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                Defendant.

CASE NO. 3:17-cv-05177-RJB

ORDER ON MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Reconsideration. Dkt. 27.

The Order on Defendant's Motion for Summary Judgment (Dkt. 26) granted dismissal of two claims, Unlawful Retaliation and Hostile Work Environment; granted partial dismissal of one claim, Disparate Treatment (sex and disability discrimination); and denied dismissal of two claims, Disparate Treatment (age discrimination) and Wrongful Discharge. Dkt. 26 at 20. Defendant seeks reconsideration of the ruling on the claim for Wrongful Discharge. Dkt. 27.

The Order stated:

1    Although Defendant has requested summary judgment of dismissal for all claims,
     Defendant's briefing does not directly discuss the wrongful discharge claim. *See* Dkt. 1-
2    13 at ¶6.4; Dkt. 15 at 20:8-13, 22:16-20, 23:13-16, 24:1-4; Dkt. 24. Wrongful discharge
     or termination is a distinct and discrete type of claim from a claim for unlawful
3    retaliation. *See, e.g,. Blinka v. Wash. State Bar Ass'n*, 109 Wn. App. 575 (2001). Whether
     this omission was strategic or an oversight, Defendant has not met its burden to show
4    summary judgment of dismissal. Defendant's motion should therefore be denied as to this
     claim.

Dkt. 26 at 18.

Under Fed. R. Civ. P. 56(c):

A party asserting that a fact <u>cannot be</u> or is genuinely disputed <u>must support the assertion</u> by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* (emphasis added).

Concededly the phrase "Defendant has not met its burden" (Dkt. 26 at 18) was inartful, because the word "burden" is commonly used and associated with obligation of nonmoving parties when responding to motions for summary judgment. What the Court intended to communicate, consistent with Rule 56(c), was that Defendant only cursorily referenced the Wrongful Discharge claim without "support[ing] the assertion" that there was no genuine issue of material fact. Fed. R. Civ. P. 56(c). *See* Dkt. 1-13 at ¶6.4; Dkt. 15 at 20:8-13, 22:16-20, 23:13-16, 24:1-4; Dkt. 24. For example, Defendant did not make the argument now made, Dkt. 35 at 1, that the Wrongful Discharge claim is subsumed by the WLAD Unlawful Retaliation claim. *See* Dkt. 15.

Nevertheless, whether there is an issue of material fact as to the claim for Wrongful Discharge in Violation of Public Policy has now been squarely raised, and briefed by both parties. The Court turns to the merits of the claim.

For claims of Wrongful Discharge in Violation of Public Policy, there are "four scenarios that . . . will potentially expose the employer to liability." *Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 286-87 (2015), citing *Gardner v. Loomis Armored Inc.*, 128 Wn.2d 931, 936 (1996). They are: (1) where the discharge was a result of refusing to commit an illegal act, (2) where the discharge resulted due to the employee performing a public duty of obligation, (3) where the discharge resulted because the employee exercised a legal right or privilege, and (4) where the discharge was premised on employee 'whistleblowing' activity. *Id*.

Plaintiff argues summarily that Plaintiff "is protected under all [four] of these criteria, although only one is needed." Dkt. 30 at 9. Plaintiff's working theory is that State Farm placed Ms. Lincoln on leave and later terminated her because she made two EEOC complaints and a complaint to State Farm's internal Compliance and Ethics Hotline. Dkt. 30 at 8. 12. *See* Dkt. 16-1 at 145-146, 169; Dkt. 21-2 at 34. Plaintiff offers no further elaboration of how these facts fall neatly into all four scenarios, nor does Plaintiff provide legal authority in support of this argument. *See generally,* Dkt. 30.

"In other instances, when the facts do not fit neatly into one of the four above-described categories, a more refined analysis may be necessary[.]" *Id*. In such cases, Washington has adopted a four-part analysis:

1) The plaintiff must prove the existence of a clear public policy (the *clarity* element).

(2) The plaintiff must prove that discouraging the conduct in which they engaged would jeopardize the public policy (the *jeopardy* element).

(3) The plaintiff must prove that the public-policy-linked conduct caused the dismissal (the *causation* element).

(4) The defendant must not be able to offer an overriding justification for the dismissal (the *absence of justification* element).

*Id.*, citing *Gardner* 128 Wn.2d at 941. "Each of the public policies raised by Plaintiff[] must be scrutinized under this four-part test," *Gardner* at 942, although the fourth element is reached only if the plaintiff presents a prima facie case for the other three elements. *Rickman v. Premera Blue Cross*, 184 Wn.2d 300, 314 (2015).

On the first element, clarity, Plaintiff argues that "[o]bviously, reporting age discrimination in violation of WLAD 49.60, [*sic*] is a matter of public policy[,]" and "RCW 49.60.010 directly dictates that such matters are public concerns on the face of the statute[.]" Dkt. 30 at 8. *See also*, *id* at 9. On the second element, jeopardy, Plaintiff argues, after reciting the rule, that "[i]t is obvious that this jeopardy element is met." Dkt. 30 at 10. Plaintiff also argues relatedly that "discouraging the reporting of discrimination [] would jeopardize the public policy of RCW 49.60." *See id*. at 9.

The Court declines to reach the first two elements, clarity and jeopardy, because the claim should be dismissed for the insufficient showing of the third element, causation.

For the third element, causation, and fourth element, absence of justification, the sum total of Plaintiff's argument reads:

> Obviously, it is not only the timing of plaintiff reporting the discrimination before her termination, but also State Farm's failure to even interview [Ms.] Kong about plaintiff's claims if [*sic*] discrimination before terminating her. This termination creates a question of fact that her discharge resulted because the employee exercised a legal right or privilege (Element 3) and demonstrates that the discharge was premised on employee 'whistleblowing' activity (Element 4).

Dkt. 30 at 10.

ORDER ON MOTION FOR RECONSIDERATION - 4

Plaintiff's causation argument relies on two facts, both of which fail to create an issue of material of fact as to whether State Farm terminated Ms. Lincoln because of her complaints. First, on the issue of timing, it is beyond dispute that negative reviews by Ms. Kong, which Plaintiff has argued forewarned of Ms. Lincoln's termination under the guise of legitimacy, long-preceded the EEOC and internal State Farm complaints. Dkt. 16-1 at 99, 145, 146, 209, 211; Dkt. 23 at 2, 6. Negative reviews preceded the first complaint by Ms. Lincoln on October 14, 2015 by at least a few months. *Id*. Second, the failure to interview Ms. Lincoln when investigating her internal State Farm complaint, at most shows that the HR manager believed State Farm management over others. Dkt. 16-1 at 185-190,194; Dkt. 21-2 at 33. The HR manager knew the content of Ms. Lincoln's version of events from the complaint itself, and interviewed several other sources to substantiate its merits. But even if the HR manager was biased against Plaintiff for filing the complaint, the HR manager was only one of three people who terminated Ms. Lincoln, and there is no evidence that the others had knowledge of Plaintiff's complaints. *Id*. Plaintiff has failed to raise an issue of material fact for the third element, causation, for the claim of Wrongful Discharge in Violation of Public Policy, and the claim should be dismissed.

Defendant also urges dismissal of the claim for Wrongful Discharge in Violation of Public Policy because it is duplicative of the claim for Unlawful Termination. The Court declines to reach the issue as unnecessary to this decision. Both claims required the plaintiff to make a showing of causation, and in this case, Plaintiff has not made a sufficient causation showing for either claim, so both claims have been dismissed. Defendant also attacks the sufficiency of the Complaint under Fed. R. Civ. P. 12(b)(6), an issue that the Court also declines to reach as unnecessary to this decision.

The Order on Defendant State Farm Automobile Insurance Company's Motion for Summary Judgment (Dkt. 26) is HEREBY MODIFIED consistent with the findings of this Order. To that extent, Defendant State Farm's Motion for Reconsideration (Dkt. 27) is GRANTED. The claim for Wrongful Discharge in Violation of Public Policy is HEREBY DISMISSED.

The case may proceed on the WLAD Disparate Treatment (age discrimination) claim.

It is so ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of March, 2018.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge